NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENJAMIN C. HARRIS, <br><br> Plaintiff, <br> v. <br><br> OFFICER JOHNSON, *et al.*, <br><br> Defendants. | Civ. No. 17-0606 (MCA) (MAH) <br><br> OPINION |

**ARLEO, DISTRICT JUDGE**

I. **INTRODUCTION**

Before the Court is the Complaint of Plaintiff, Benjamin C. Harris. (D.E. No. 1.) Plaintiff has previously been granted *in forma pauperis* status in this matter. (D.E. No. 2.) The Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under this statute, this Court must dismiss Plaintiff's claims if they are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune. For the reasons explained below, this Court will permit Plaintiff's Complaint to proceed in part, and will dismiss in part, without prejudice.

II. **FACTUAL BACKGROUND**

Plaintiff filed his Complaint on January 27, 2017, and names the following defendants: Officer Johnson, Officer Bray, Officer Martinez, Dr. Sayed Rizvi, Dr. Kaiser and Dr. Lionel Anicette. (D.E. No. 1 at 4-6.) Plaintiff's claims relate to inadequate medical care and the denial of medical care as a pretrial detainee. (D.E. No. 1 at 2-14.) He explains that upon being committed to the correctional facility in July of 2016, he immediately informed the medical staff of his pre-

existing health issues he "sustained on an on-the-job accident, which included the spine and lower back causing [Plaintiff] to suffer severe and persistent lower back pain." (*Id.* at 8.) The health issues required him to use a cane and he informed the medical staff that he was "under a doctor's care on the outside." (*Id.*) However, Plaintiff's cane was "confiscated and not returned for four [] months." (*Id.*) Between July and November, he states that he submitted requests for medical care to alleviate his back and leg pain. (*Id.*) On November 5, 2016, Plaintiff began experiencing difficulty breathing; however, Defendant Johnson did not permit him to be seen by medical personnel and locked Plaintiff in a holding room. (*Id.* at 8-9.) Shortly after, Plaintiff states that he collapsed to the ground sustaining serious injury, was brought to the infirmary, but was not given treatment for his severe pain. (*Id.* at 9-10.) Four days later, he was discharged from the infirmary without having been administered any diagnostic procedures to assess his injuries from the fall. (*Id.* at 10.) Following the incident on November 5th, Plaintiff continued to complain of severe pain, but was only given Tylenol, Naprosin, and Motrin. (*Id.*) Then, in December of 2016, Plaintiff states that he fell while walking down stairs and sustained serious injury a second time. (*Id.*) Defendants Bray and Martinez left him lying on the floor and said he was faking his injuries. (*Id.* at 11.) Plaintiff was then brought to the infirmary and complained to Dr. Rizvi of his pain, but was only given Motrin. (*Id.*) Plaintiff further states that he wrote multiple letters to Medical Director Dr. Anicette requesting medical treatment, but the requests were ignored. (*Id.* at 12.) Plaintiff states that he spoke with Dr. Kaiser, an orthopedic doctor about his pain, his tendency to collapse and the need for a walking device, but Dr. Kaiser merely told him to hold onto the walls when he walks. (*Id.*) Plaintiff requests damages, declaratory relief and injunctive relief. (*Id.* at 8, 13.)

## III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a prisoner proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala*, 704 F.3d at 245.

IV. **ANALYSIS**

The Court considers Plaintiff's claims brought pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To recover under this provision, two elements must be shown. First, a plaintiff "must establish that the defendant acted under color of state law," and second, that the plaintiff has been deprived of "a right secured by the Constitution." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Here, the Court construes Plaintiff to raise § 1983 claims against the defendants for inadequate medical care under the 14th Amendment.[1]

a. **Claims for Inadequate Medical Care**

A pretrial detainee's right to adequate medical care arises under the Due Process Clause of the Fourteenth Amendment. *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). "[T]he Supreme Court has concluded that the Fourteenth Amendment affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner,' without deciding whether the Fourteenth Amendment provides greater protections." *Id.* (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671–72 n.40 (1977)). Therefore, it is appropriate to

---

[1] Based on the language in the pleading, the Court construes Plaintiff to raise only federal claims of inadequate medical care. Should Plaintiff wish to proceed on any state claims, he must do so in an amended complaint.

4

evaluate Plaintiff's "Fourteenth Amendment claim for inadequate medical care under the standard used to evaluate similar claims brought under the Eighth Amendment." *Id.*

"For a denial of medical care to constitute a violation of the Fourteenth Amendment, [a plaintiff] must demonstrate: (i) a serious medical need, and (ii) acts or omissions by [the Named Officers] that indicate deliberate indifference to that need." *Mattern v. City of Sea Isle*, 657 F. App'x 134, 138 (3d Cir. 2016) (internal citations and quotations omitted). "[A] medical need is "serious" . . . if it is either 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* at 139 (internal citations and quotations omitted). "Deliberate indifference is a subjective standard of liability . . . and requires proof that the official knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582 (internal citations and quotations omitted). Deliberate indifference is evident where: "(i) the denial of reasonable requests for medical treatment [] expose[s] the complainant to undue suffering; (ii) knowledge of the need for medical care and the intentional refusal to provide such care; or (iii) the delay of necessary medical treatment for non-medical reasons." *Mattern*, 657 F. App'x at 140 (internal citations and quotations omitted).

The Third Circuit has identified several scenarios that rise to the level of deliberate indifference to serious medical need. Most relevant here, are "(1) [w]here prison authorities deny reasonable requests for medical treatment . . . and such denial exposes the inmate to undue suffering or the threat of tangible residual injury, and (2) where knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care." *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (internal citations and quotations omitted).

5

Plaintiff has satisfied the first prong of a 14th amendment claim for inadequate medical care, because he has demonstrated that his condition is "serious," requiring treatment by a physician. *Mattern*, 657 F. App'x at 138. As alleged by Plaintiff, he informed the medical staff at the correctional facility that he was "under a doctor's care on the outside" for back and spinal injury that caused "severe and persistent lower back pain." (D.E. No. 1 at 8.) Moreover, during the several months described in the Complaint, Plaintiff allegedly collapsed twice, causing Plaintiff to sustain serious injuries, resulting in significant pain. (*Id.* at 9-11.) *See Spruill*, 372 F.3d at 236 (finding "serious medical need" where inmate's back condition "required significant and continuous medication," "caused him excruciating pain" and inmate "claim[ed] to have fallen or collapsed from the pain twice . . . exposing himself to further injury").

This Court will next address the element of deliberate indifference with respect to each Defendant:

1. **Officer Johnson**

The Plaintiff states that on or about November 15th, 2016, he "began to experience chest pains and difficulty breathing." (D.E. No. 1 at 8.) He was sent to the medical department by his housing unit officer "on an urgent/emergent." (*Id.*) When he arrived, Officer Johnson asked him why he was there; Plaintiff "explained, during which time the Nurse at the desk told [Plaintiff] to sit down because she was concerned about the way [Plaintiff] looked." (*Id.*) Defendant Johnson then refused him access to medical personnel because he did not have a medical pass. (*Id.* at 8-9.) Plaintiff alleges that he explained to Defendant Johnson that he was sent there by the housing unit officer, and stated he could not return to retrieve a pass "because of my condition[,]" but Defendant Johnson still refused him care. (*Id.* at 9.) He alleges that Defendant Johnson then "locked [him] in a holding room . . . while [Plaintiff] was in excruciating pain," upon which time Plaintiff agreed

6

"for fear of his life" to return to his housing unit to get a pass. (*Id.* at 9.) While returning to his unit, Plaintiff states that he "experienced shortness of breath," "collapsed to the ground" hit his head, twisted his neck, was knocked unconscious and was then brought to the infirmary. (*Id.* at 9-10.)

Taken together, the Court finds these facts are sufficient to demonstrate that Officer Johnson had a subjective believe of Plaintiff's serious medical need, and the failure, as well as the delay in permitting Plaintiff to be seen by medical personnel demonstrates deliberate indifference to that need. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999) (holding that a court may find deliberate indifference where the prison official delays medical treatment based on a non-medical reason or prevents a prisoner from receiving needed medical care). Therefore, the Court will permit this claim to proceed with respect to Officer Johnson.

### 2. Officers Bray and Martinez

Plaintiff claims that on December 8, 2016, he fell while walking down stairs to get medication, "hitting my head on a concrete pillar, and injur[]ing my back, splitting my li[p] and sustaining an 'egg shape' lump on my forehead." (D.E. No. 1 at 10.) Plaintiff further states that the housing unit officers, Defendants Bray and Martinez, came to check on him, said that he was "faking" and "continued running medication." (*Id.* at 11.) The officers left Plaintiff "laying on the floor for 25 minutes while other inmates walked over and around [him]" and the officers "refused to call a medical emergency." (*Id.*) Plaintiff explains that he "was in excruciating pain from the injuries" he sustained from the fall, and some thirty minutes later he was brought on a stretcher to the infirmary. (*Id.*)

Again, the Court finds that these facts, taken as true, are sufficient to demonstrate deliberate indifference by Officers Bray and Martinez. While the officers said he was "faking" his injuries,

7

the visible signs of injury demonstrate that it would have been obvious to the officers that Plaintiff required medical attention, but they still "refused to call a medical emergency." *See Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993) (explaining that "deliberate indifference could exist . . . where [s]hort of absolute denial . . . necessary medical treatment [i]s . . . delayed for non-medical reasons") (internal citations and quotations omitted). Thus, the delay, together with Plaintiff's external injuries, demonstrate deliberate indifference, and the Court will allow this claim to proceed.

### 3. Doctor Rizvi

With respect to Defendant Rizvi, Plaintiff explains that after he was brought to the infirmary following his fall in December, he informed Dr. Rizvi that he was under a doctor's care on the outside and that he was experiencing "severe and persistent pain," but was only given Motrin. (D.E. No. 1 at 11.)

Plaintiff has failed to show that Dr. Rizvi was deliberately indifferent to his medical need. Deliberate indifference requires a Plaintiff to show that a defendant knowingly disregards an excessive risk to an inmate. *See Natale*, 318 F.3d at 582. Dr. Rizvi did in fact prescribe Plaintiff medication for his pain, and there is nothing to indicate that this course of treatment created an excessive risk to his health. *See Andrews v. Camden County*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000) (explaining that a "prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference"); *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990) (explaining that "[i]f the doctor's judgment is ultimately shown to be mistaken, at most what would be proved is medical malpractice, not an Eighth Amendment violation"). Therefore, the claim against this defendant will be dismissed without prejudice for failure to state a claim.

## 4. Medical Director Doctor Lionel Anicette

With respect to this defendant, Plaintiff states that he wrote numerous letters to Dr. Anicette asking for help with the medical treatment for his severe pain, but that the letters were ignored. (D.E. No. 1 at 12.) Plaintiff attaches one such letter to his Complaint.[2] (*See* D.E. No. 1-3 at 2.)

A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). The Third Circuit has found that a supervisor can be liable for acts of subordinates where "he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *Santiago v. Warminster Tp.*, 629 F.3d 121, 129 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)). Where a supervisor with authority over a subordinate knows that the subordinate is violating someone's rights but fails to act to stop the subordinate from doing so, the factfinder may usually infer that the supervisor 'acquiesced' in . . . the

---

[2]  In that letter, Plaintiff states:

> I am writing to request your assistance to obtain medical treatment to alleviate the severe and per[]sistent head neck and back pain.
>
> I suffer as a result of a[sic] falls I had in this jail as well as procedures to determine what [i]s wrong with me.
>
> I also suffer from pre existing medical conditions that are [not] being addressed despite my having submitted numerous sick call request[s] and a grievance concerning both issues.
>
> Thanking you in advance for your much anticipated assistance with this extremely urgent matter[.]

(*Id.*)

9

subordinate's conduct." *Bennett v. Washington*, 2015 WL 731227, at *11 (E.D. Pa. Feb. 19, 2015) (citing *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997)).

Assuming that Dr. Anicette had knowledge of the letters, the alleged harm fails to show that Dr. Anicette acquiesced to a constitutional violation. The facts supplied by Plaintiff mention only that he wrote to Dr. Anicette about his severe pain as a result of falling, and his pre-existing medical conditions. As noted with respect to Dr. Rizvi, however, Plaintiff did in fact receive treatment for his pain and medical care following his falling episodes. While Plaintiff may not have found the care adequate, dissatisfaction with medical care does not state a claim of deliberate indifference to serious medical need. *See Andrews*, 95 F. Supp. at 228. Therefore, the claims as to this defendant are dismissed without prejudice.

### 5. Dr. Kaiser

Plaintiff describes that he spoke with Defendant Dr. Kaiser with respect to his persistent leg and back pain, his tendency to collapse, his need for a cane and that he was under the care of a physician on the outside. (D.E. No. 1 at 12.) He further states that he explained his need for a "walking device," but that Defendant Dr. Kaiser "told [Plaintiff] to hold on to the walls when [he] walk[s]." (*Id.*) These facts, if true, are sufficient at this stage to demonstrate a claim of deliberate indifference to Plaintiff's serious medical need. *See Johnson v. Hardin County*, 908 F.2d 1280, 1283–84 (6th Cir. 1990) (refusal to provide inmate with crutches, among other things, supported claim of deliberate indifference; *Kwanzaa v. Brown*, No. 05-5976, 2006 WL 2403978, at *12 (D.N.J. Aug. 17, 2006) (wherein court permitted claim to proceed that alleged prison officials failed to allow inmate to ambulate with a cane and failed to allow inmate use of medically prescribed devices such as a cane); ); *Rosales v. Coughlin*, 10 F. Supp. 2d 261, 268-70 (W.D.N.Y. 1998) (denying summary judgment motion of prison officers who allegedly repeatedly deprived

an inmate with leg problems of his cane); *cf. Owens v. Chester Cty.*, No. 97-1344, 2000 WL 116069, at *8 (E.D. Pa. Jan. 31, 2000) (differentiating *Rosales, supra*: "[t]he key to this decision, and other similar decisions, is the fact that the cane was specifically prescribed by a doctor . . . [i]n the case at bar, there is no evidence offered by Plaintiff that he was prescribed crutches or that they were essential to his treatment"). As such, the Court will permit this claim to proceed with respect to Doctor Kaiser.

V. **CONCLUSION**

For the foregoing reasons, the Court will allow Plaintiff's § 1983 claims against Doctor Kaiser, Officer Johnson, Officer Bray and Officer Martinez to proceed, and will dismiss without prejudice Plaintiff's claims against Dr. Rizvi and Dr. Anicette, for failure to state a claim upon which relief may be granted. An appropriate Order follows.

Dated: 3/1/18

**Madeline Cox Arleo**
**United States District Judge**